IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SINGH,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF OAKLAND, et al.,<br><br>   Defendants.     / | No. C 03-05246 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY PRETRIAL PREPARATION ORDER TO ALLOW FOR FILING OF THIRD AMENDED COMPLAINT** |

On September 8, 2005, the Court heard oral argument on plaintiff's motion for leave to file a third amended complaint. Having carefully considered the arguments of counsel and the papers submitted, the Court hereby DENIES plaintiff's motion to modify the pretrial preparation order to allow for filing of a third amended complaint.

**BACKGROUND**

Plaintiff owns an automobile repair shop in Oakland. Plaintiff appears to have had numerous disputes with the City of Oakland, government officials, and private citizens regarding possible municipal violations at plaintiff's business. These disputes have brought the parties into various state and federal court proceedings, including into the current one in this Court which plaintiff filed on November 24, 2003.

Since then, the case has proceeded at a slow pace, as plaintiff has repeatedly requested extensions of time. On April 8, 2004, when the action had already been pending more than 120 days, plaintiff sought and was granted an additional 60 days to serve defendants. Plaintiff filed his First Amended Complaint in July 15, 2004. Defendants filed motions to dismiss, explaining in their

supporting memoranda the deficiencies in plaintiff's First Amended Complaint. Plaintiff responded by requesting leave to amend. The Court granted plaintiff's request to amend on November 2, 2004. In that Order, the Court instructed plaintiff that his complaint contained numerous deficiencies and provided the legal principles that appeared to be related to his claims.

Plaintiff filed his Second Amended Complaint ("SAC") on November 30, 2004. Plaintiff's claims dealt with an alleged pattern of harassment and fines imposed upon him by defendants regarding zoning and blight ordinance violations. SAC at ¶¶ 19-20. Plaintiff's SAC contained nine causes of action. On February 17, 2005, the Court dismissed, without leave to amend, all of Plaintiff's causes of action with exception of cause of action 5, a Fourteenth Amendment Equal Protection claim against the City of Oakland. Trial on this remaining Equal Protection claim against the City was initially set to begin on February 27, 2006. When plaintiff became ill, the City stipulated to continuing the pretrial conference and trial date to September 12 and September 25, 2006, respectively. Pursuant to the Court's February 9, 2006 order, all other previous cut-off dates were to remain in effect. Plaintiff filed the instant motion for leave to file a Third Amended Complaint exactly one month before trial, on August 25, 2006.

Plaintiff's proposed Third Amended Complaint would add two new causes of action: 2) a Fifth and Fourteenth Amendments claim based on "Interference with Right to Property Without Due Process of Law," against the City of Oakland; and 3) an action for "Inverse Condemnation" against the City of Oakland. Both claims are based on the imposition of real property liens against plaintiff's property, allegedly without notice and based on "false and merit less (sic) allegations." Third Amended Complaint, Vlazakis Decl., Exh. A, ¶ 21 ("TAC"). Plaintiff alleges that the City imposed the liens, and scheduled auctions of plaintiff's properties to enforce those liens, as part of a scheme to deprive plaintiff of his property in violation of the Constitution. *See id.* ¶¶ 20-30. Plaintiff ultimately paid off the liens to avoid an auction of his property set for April 6, 2006. *Id.* ¶ 30.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides for the amendment of pleadings by leave of the court and notes that such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

However, the grant or denial of a motion to amend is committed to the discretion of the district court, and denial is proper where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment" at the time of the original pleading. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citing cases).

## DISCUSSION

Plaintiff has known of the liens on his property since, at the latest, March 15, 2004, when the first auction was set by the City. *See* TAC ¶ 22. Plaintiff thus knew of the facts and issues now raised at least four months before filing his First Amended Complaint, at least eight months prior to filing his Second Amended Complaint, and well over two years prior to filing the instant motion for leave to amend. Plaintiff presents no compelling justification for this undue delay.

In addition to being brought with undue delay, plaintiff's motion will also result in substantial prejudice to defendant. The parties litigated a set of comprehensive motions to dismiss over a year ago, the Court-ordered cut-off for discovery passed over a year ago, and trial is set to begin, for the second time, in less than a month. Plaintiff's proposed amendments allege new facts and theories, upon which discovery will have to be taken. Re-opening discovery will necessarily force trial to be delayed. The time and expense associated with renewed discovery and a delayed trial date represent a significant prejudice to the City. *See Jackson*, 902 F.2d at 1387-88 (affirming a finding of prejudice where the proposed amendment would require additional discovery, despite movant's offer to reimburse opponents for additional discovery expenses) (citing *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (internal quotation omitted)); *see also Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of motion to amend on the basis of prejudice where motion was made "on the

eve of the discovery deadline," and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings.").

Because plaintiff brought this motion with undue delay, and because allowing amendment at this late stage would substantially prejudice defendant, plaintiff's motion must be denied.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's Motion to Modify Pretrial Preparation Order to Allow for Filing of Third Amended Complaint. (Docket # 112.)

**IT IS SO ORDERED.**

Dated: September 8, 2006

SUSAN ILLSTON
United States District Judge