IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES SINGH,

        Plaintiff,

  v.

THE CITY OF OAKLAND,

        Defendant.
                                   /

No. C 03-5246 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On September 12, 2006, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning October 2, 2006. All parties were represented by counsel. The following matters were resolved:

1.    **Number of jurors and challenges**: There shall be a jury of 7 members. Each side shall have up to four peremptory challenges.

2.    **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 15 minutes total to question the panel.

3.    **Jury instructions**: Counsel have submitted certain joint proposed jury instructions and certain separate instructions. The Court will hold an instruction conference prior to closing argument.

4.    **Trial exhibits**: No later than September 29, 2006, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The plaintiff has requested that the Court reserve five days for trial. Defendant estimates it will need 2 hours to put on its case in chief. The Court has examined the file, including the one equal protection claim which will be tried in this action (that the City of Oakland, as a matter of city policy, "through its agents, threatened to have two cars removed and towed away from plaintiff's property after citations were issued on January 21, 2004 . . . because plaintiff is dark-skinned, he immigrated from the island of Fiji, he is in poor health, and he speaks with a foreign accent") and the many claims originally asserted by plaintiff which were dismissed with prejudice by order dated February 17, 2005. Of the 22 witnesses listed by plaintiff, most would testify as to matters which are time-barred and relate to claims which were dismissed. Likewise, most of the 40 exhibits listed by plaintiff relate to matters which are time-barred, dismissed or irrelevant and most appear to be inadmissible hearsay.[1] Limiting the proposed trial to evidence relevant to the remaining, limited claim, the trial should not take more than 3-1/2 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 5 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties filed seven motions in limine, as follows:

**Plaintiff's motion No. 1 – to preclude any evidence that plaintiff's property at 3611 Loma Vista was in violation of Oakland Municipal Code § 8.24.020 (The Blight Ordinance)**:

---

[1] Plaintiff's witness list and exhibit list both appear to draw heavily on a state court litigation between the same parties concerning similar issues. The verdict in the state court action was evidently disappointing to plaintiff, who represents that he has appealed it. Plaintiff is cautioned that he will not be allowed to expand the contentions in this trial to litigate – or re-litigate – claims which were dismissed with prejudice on the pleadings in this action.

2

1 Plaintiff seeks to exclude testimony that his automobile repair shop in Oakland contained blighted
2 conditions, because "there is no evidence of any blighted condition on plaintiff's property." Only
3 relevant evidence will be admitted at trial, and the Court will limit both sides to admission of evidence
4 relevant to the narrow issues being tried. Accordingly, this motion is GRANTED unless and until an
5 appropriate offer of proof is made concerning relevance to the issues in this case. (Docket # 75)

6 **Plaintiff's motion No. 2 – to preclude any evidence that plaintiff's property is not
7 adequately screened under Oakland Municipal Code § 8.24.020(D)4**: Plaintiff seeks to exclude
8 testimony that he was served with an Official Notice to Abate Blight in March, 2002, apparently for
9 failure to screen his automobile repair business. He contends that the Oakland Municipal Code §
10 17.110.030(3) exempts his automobile repair business from the screening requirement. Only relevant
11 evidence will be admitted at trial, and the Court will limit both sides to admission of evidence relevant
12 to the narrow issues being tried. Accordingly, this motion is GRANTED unless and until an appropriate
13 offer of proof is made concerning relevance to the issues in this case. (Docket # 76)

14 **Plaintiff's motion No. 3 – to present evidence at trial that as early as 1998 to the
15 present defendant intended to have automobiles illegally cited and towed from plaintiff's
16 property**: Plaintiff seeks to introduce evidence that in 1998 and 1999, the City of Oakland tried to
17 screen plaintiff's property and to have inoperative vehicles removed. He asserts that he received this
18 evidence in the pending state action between the same parties. He also seeks to introduce "defendant's
19 prior actions on the citation and towing of automobiles . . ., including letters exchanged between the
20 parties from January 1, 1998 to the present on the issue of towing of automobiles and related matters."
21 This motion, in its present form, is DENIED. In its February, 2005 order, this Court ruled that "any
22 claims involving events that occurred before November 24, 2002 are barred as untimely under the one
23 year statute of limitations . . . Additionally, it appears that plaintiff is attempting to re-litigate a claim
24 he filed against several of the defendants in state court." The Court rejected plaintiff's argument that
25 the claims constituted a continuing violation under Williams v. Owens-Illinois, Inc., 665 F.2d 918, 924
26 (9th Cir. 1982), noting that Williams was overruled in National R.R. Passenger Co. v. Morgan, 536 U.S.
27 101, 113 (2002). Plaintiff's current effort to present such evidence in the guise of unconstitutional
28 motive or absence of mistake would eviscerate the prior rulings and would violate the statute of

3

1  limitations. Further, there has been no showing that the prior conduct between the parties was racially
2  motivated; that the cadet/officer who issued the citations had any knowledge of the history of complaints
3  against plaintiff's property or of plaintiff himself; or that anyone in the office supervising the
4  cadet/officer's conduct had ever conveyed to the cadet/officer any information about or opinion
5  concerning plaintiff's business. Accordingly, this motion is DENIED without prejudice to presentation
6  of an offer of proof concerning the cadet/officer's knowledge of or involvement in any prior, time-
7  barred but racially motivated events, or any statements about plaintiff made by the cadet/officer's
8  supervisors. (Docket #77)

9  **Plaintiff's motion No. 4 – to preclude any reference to a third party complaint that
10 caused cadet Nguyen to go to the property to cite certain cars**: Plaintiff seeks to preclude defendant
11 from presenting evidence that a neighbor's complaint let up to Cadet Nguyen's assignment to go to
12 plaintiff's property. Plaintiff objects to such proposed testimony by Officer James Fisher, who was
13 already on plaintiff's witness list, and to the telephone log recording the complaint, apparently on the
14 basis that Officer Fisher's testimony would lack foundation. The motion is DENIED, but plaintiff will
15 be allowed to voir dire Officer Fisher on his foundational knowledge before admitting the document.
16 (Docket # 122)

17 .           **Plaintiff's motion No. 5 – to preclude any expert testimony by defendant's witnesses
18 at trial, including Officer Fisher**: Plaintiff seeks to preclude defendant from offering "expert opinion
19 testimony at trial on the procedures of citing cars on private property that are allegedly abandoned."
20 Plaintiff objects because no experts have been disclosed. The Court will consider and, where
21 appropriate, grant motions to exclude improper opinion testimony from any witnesses. However,
22 depending on his experience in the department it is entirely possible that Officer Fisher can properly
23 testify as to the City's procedures for citing cars on private property. Hence, plaintiff's motion is
24 DENIED without prejudice to specific objections to specific questions at trial. (Docket # 124)

25 **Defendant's motion No. 1 – to preclude documents not produced in discovery:**
26 Defendant seeks to exclude various documents on plaintiff's exhibit list because they were disclosed
27 late or not at all in discovery. However, since plaintiff requested and received an approximately seven
28 month delay in the trial date, from February to September, 2006, defendant has effectively had the

4

opportunity to request and review all of these documents during the interim. The motion is therefore DENIED as framed. However, the Court considers most of the exhibits on plaintiff's list to be well beyond the issues on trial in this case and thus irrelevant; further, most include inadmissible hearsay. Specific objections to specific documents will be considered. (Docket # 78)

**Defendant's motion No. 2 – to preclude testimony relating to the history of code compliance actions by the City at plaintiff's property:** Defendant seeks to exclude "allegations relating to a history of action by City Code Compliance officials and a Councilmember starting in the mid 1990s and ending in around 2001," because these allegations were dismissed in this Court's prior orders on the pleadings. The motion is GRANTED. As defendant notes, "the sole allegation that the Court allowed to remain at issue in this lawsuit is the allegation that the two citations issued by an officer of the Oakland Police Department in February 2003 were discriminatory on the basis of plaintiff's protected status, and that such discrimination was a result of an official city policy pursuant to Monell." Only evidence related to these narrow issues will be allowed.

**Defendant's motion No. 3 – to exclude opinion and hearsay and irrelevant testimony:** Defendant seeks to exclude testimony by many of the witnesses plaintiff listed in the Pretrial Conference Statement. As noted above, the Court agrees that much of the information proffered by plaintiff in his summary of the witnesses' testimony is irrelevant to this case, is hearsay and is impermissible opinion. Consequently, the Court ORDERS that both parties make an offer of proof out of the presence of the jury, before calling each witness, spelling out what they expect the witness to testify to and how it relates to the narrow issues in this case. Further, both parties are ORDERED to confine their opening statements to the issues in this case, not the historical code compliance questions which have been excluded from this trial.

///

8.     **Further Settlement Conference:** The parties are ordered to report to the chambers of a Magistrate Judge (to be designated by the court), to arrange a further settlement conference to occur prior to the trial.

**IT IS SO ORDERED.**  (Docket ## 75, 76, 77, 78, 122, 124)

Dated: September 12, 2006

_____
SUSAN ILLSTON
United States District Judge