United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES SINGH,

        Plaintiff,

  v.

CITY OF OAKLAND, et al.,

        Defendants.
                                      /

No. C 03-05246 SI

**ORDER RE: REQUEST FOR CLARIFICATION**
**[Docket No. 178]**

Defendants have filed a letter brief requesting an order clarifying the scope of the issues remaining before the Court on remand from the United States Court of Appeals for the Ninth Circuit. The Court hereby rules as follows.

### BACKGROUND

This action was filed in November, 2003. After a series of motions, amended complaints and orders of partial disposition, the one remaining cause of action – plaintiff's equal protection claim[1] – was set for trial on October 2, 2006. After the Final Pretrial Conference on September 12, 2006, but

---

[1] The Final Pretrial Order described the remaining claim to be tried as follows: "[T]he one equal protection claim which will be tried in this action [is] (that the City of Oakland, as a matter of city policy, 'through its agents, threatened to have two cars removed and towed away from plaintiff's property after citations were issued on January 21, 2004 . . . because plaintiff is dark-skinned, he immigrated from the island of Fiji, he is in poor health, and he speaks with a foreign accent')."

1  before the October 2, 2006 trial date arrived, the parties reached a settlement, whereby a final judgment
2  and order dismissing the action with prejudice would be entered, reserving to Singh the opportunity to
3  appeal three prior interlocutory orders of this Court.[2] The interlocutory orders which plaintiff appealed
4  included this Court's February 17, 2005 Order, which had dismissed Singh's Second Amended
5  Complaint ("SAC") with the exception of his Fifth Cause of Action, the equal protection claim which
6  had been set for trial on October 2, 2006.[3]

7  On appeal, the Ninth Circuit affirmed the dismissal of the SAC, except with respect to Singh's
8  Third and Sixth Causes of Action, for procedural due process violations and declaratory relief related
9  to the procedural due process claim. *See Singh v. City of Oakland*, No. 06-17190, 2008 WL 4071838
10 (9th Cir. Sept. 3, 2008). Presently before the Court is defendants' request for an order clarifying the
11 scope of the issues remaining on remand.

### DISCUSSION

14 Plaintiff's attempts to revive his claim of damage to his person and real property in violation of
15 his right to due process (First Cause of Action) and his equal protection claim (Fifth Cause of Action)
16 are unavailing. The Ninth Circuit affirmed this Court's dismissal of the First Cause of Action, and
17 plaintiff previously agreed to voluntary dismissal of the Fifth Cause of Action with prejudice in lieu of
18 trial.[4] Accordingly, the Court finds that <u>the sole claims remaining before the Court on remand are</u>

---

[2] This Court's October 23, 2006 Supplemental Order of Dismissal Upon Settlement provided as follows: "the Court hereby ORDERS that this matter be DISMISSED WITH PREJUDICE, subject to the condition that plaintiff James Singh may appeal any prior interlocutory order entered by the Court in this matter."

[3] The other two interlocutory orders raised on appeal were the Court's September 12, 2006 Order denying leave to file a Third Amended Complaint ("TAC"), and the Court's September 13, 2006 Order denying Singh's motion in limine to introduce evidence of events that occurred outside the limitations period. The Ninth Circuit affirmed this Court's denial of leave to file a TAC and dismissed Singh's appeal as to the ruling on his motion in limine.

[4] The Ninth Circuit made this latter point quite plain, in dismissing plaintiff's challenge to a pre-trial motion *in limine* concerning evidence: "By voluntarily accepting dismissal of his equal protection claim, Singh gave up the opportunity to make such an offer of proof and, thus, to preserve this issue for appeal." *Singh v. City of Oakland*, 2008 WL 4071838, at \*\*4.

**United States District Court**
For the Northern District of California

plaintiff's Third Cause of Action, alleging a procedural due process violation in the City's recording of liens against plaintiff's property and subsequent attempt to sell his property to satisfy the liens, and plaintiff's Sixth Cause of Action, seeking declaratory relief as to this due process claim.

**IT IS SO ORDERED.**

Dated: October 7, 2009

SUSAN ILLSTON
United States District Judge