**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SINGH, | No. C 03-05246 SI |
| Plaintiff, | **ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S DISCOVERY REQUEST** |
| v. | **[Docket No. 186]** |
| CITY OF OAKLAND, ET AL., | |
| Defendants. / | |

Plaintiff has filed a discovery request seeking to compel defendants to produce further responses to a number of interrogatories and document requests. As an initial matter, the Court notes that plaintiff's request does not comply with the meet and confer requirements set forth by Federal Rule of Civil Procedure 37 or Civil Local Rule 37. Both parties' letter briefs indicate that plaintiff's effort to meet and confer regarding the discovery responses sought consisted of an email message. Civil Local Rule 1-5(n) expressly provides that meet and confer discussions must take place in person or by telephone, and that email communication is insufficient to satisfy meet and confer requirements. Although plaintiff's failure to meet and confer is reason alone for denying plaintiff's discovery motion, the Court will address the merits of the request in the interest of resolving the disputes expeditiously.

Plaintiff seeks further responses to Interrogatories 15, 16, 17, 18, 24, and 25, and to Document Requests 2, 7, 8, 15, 16, 17, 20, 22, 24, and 26.

**I.      Interrogatories 15, 16, 17, 18, 24, 25**

Plaintiff seeks further responses to these interrogatories on the ground that, under *Riverside County Community Facilities v. Bainbridge*, 92 Cal. Rptr. 2d 29 (Cal. Ct. App. 1999), defendants are

"prohibited from assessing any special priority tax assessments against Plaintiff's properties" if they "failed to provide any nuisance abatement activities and/or repairs" benefitting plaintiff's property. As pointed out in defendants' letter brief, plaintiff's complaint does not allege that defendants levied special taxes against his property – only that defendants recorded liens against his property without notice. Accordingly, it does not appear that the information sought is relevant to plaintiff's claim.

Moreover, Interrogatories 24 and 25 seek itemization of "charges imposed and recorded against [plaintiff's] Colton Boulevard lot . . . in the total amount of $10,245.77." Defendants state that they have produced every document they have been able to find with regard to the Colton Boulevard property, and have never been able to locate any document listing charges in the amount of $10,245.77.

Plaintiff provides no other basis for his request for further responses. Because the request does not appear reasonably calculated to lead to the discovery of admissible evidence, the request to compel further responses to Interrogatories 15, 16, 17, 18, 24, and 25 is DENIED.

## II.     Document Requests 2, 7, 8, 15, 16, 17, 20, 22, 24, 26

Requests 2, 8, 15, 20, 22, and 26 pertain to the Colton Boulevard property discussed above. Defendants state that they have no further documents to produce regarding this property. Accordingly, the motion to compel further production of documents in response to these requests is DENIED.

Request 7 seeks "documents that refer to code compliance issues involving [plaintiff's] automobile repair shop at 3636 MacArthur Boulevard in Oakland from January 1, 1995 to the present." Plaintiff offers no support for his motion to compel a further response to this request, other than stating that the present "response appears to be incomplete." Whether defendants have any further documents to produce in response to this request is a matter that may be resolved through the meet and confer process. The Court directs the parties to meet and confer regarding this request by **November 13, 2009**. In the event the parties are unable to resolve their dispute, plaintiff may file a further motion to compel on or before **November 20, 2009**.

Plaintiff states that defendants "indicate a willingness to provide responsive documents" to Requests 16 and 17 once plaintiff has provided defendants with certain other documents. It does not appear that there is any dispute for the Court to resolve, and plaintiff's motion to compel further

responses to these requests is DENIED.

Request 24 seeks documents related to a fax dated May 1, 1999, which according to plaintiff "may address the motives of Defendant's agents involving Plaintiff's automobile repair shop." Defendants object that plaintiff is not entitled to the documents sought because they pertain to events outside the limitations period, which extends back to November 2002. The Court finds that defendants' objection is not well-taken. Evidence of motive, even if outside the limitations period, may be relevant to plaintiff's due process claim, and plaintiff is entitled to production of the fax and related documents. Defendants are ordered to produce documents responsive to this request by **November 13, 2009**.

## CONCLUSION

The Court directs defendants to produce documents in response to this order by **November 13, 2009**. Where the Court has ordered the parties to further meet and confer, the parties shall do so immediately, and in any event no later than **November 13, 2009**, and if the parties are able to resolve their disputes, defendants shall produce documents by **November 20, 2009**. If the parties are not able to resolve their disputes after the further meet and confer, plaintiffs may file another motion to compel on or before **November 20, 2009**.

**IT IS SO ORDERED.**

Dated: November 2, 2009

SUSAN ILLSTON
United States District Judge

3